# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON PEELER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-12-01381-M |
| INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 3694; and PRO-TEC FIRE SERVICES, LTD., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Pro-Tec Fire Services, Ltd.'s ("Pro-Tec") Motion to Compel Discovery Responses from plaintiff, filed July 26, 2013. On August 16, 2013, plaintiff filed his response, and on August 23, 2013, Pro-Tec filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This matter arises from plaintiff Aaron Peeler's termination from employment with Pro-Tec. Pro-Tec employed plaintiff as a fire fighter and later terminated plaintiff from employment after allegedly finding him sleeping while on duty and missing the first part of his shift. Contesting his termination, plaintiff brought suit against Pro-Tec for breach of contract alleging Pro-Tec breached the Collective Bargaining Agreement by failing to "engage in progressive discipline and by failing to enforce the disciplinary provisions evenly for similarity situated employees." Plaintiff also asserts a claim against his then union representative International Association of Firefighters, Local 3694 ("IIAF") for breach of duty of fair representation by "dishonestly informing defendant Pro-Tec that Peeler had voluntarily withdrawn his grievance and arbitrarily ignor[ing] Peeler's Meritorious grievance."

On January 16, 2013, Pro-Tec served on plaintiff its First Set of Discovery Requests. Plaintiff was required to respond to the discovery by February 18, 2013. In order to pursue settlement talks, the parties agreed to extend plaintiff's response deadline to June 18, 2013, which plaintiff failed to meet.[1] On July 26, 2013, Pro-Tec filed this Motion to Compel Discovery Responses and seeking an award of reasonable attorneys' fees and costs associated with filing this motion.

II.     Discussion

In its motion to compel, Pro-Tec alleges that on numerous occasions, it reached out to plaintiff through email and telephone calls to retrieve the discovery responses, however, plaintiff failed to produce such documents.[2] In its Response to Pro-Tec's motion, plaintiff asserts that because he has now disclosed the requested documents and has not withheld any documents despite plaintiff's written objection to some of the requests, Pro-Tec's motion to compel is now moot. Plaintiff also asserts that an award of reasonable attorneys' fees and costs associated with this motion to compel is improper because the circumstances make such award unjust. Pro-Tech replies

---

[1] On June 25, 2013, Plaintiff provided interrogatory answers but did not respond to the document requests.

[2] On June 25, 2013, Pro-Tec emailed plaintiff's counsel and plaintiff's counsel responded that he will send out documents the next day. On June 28, 2013, during plaintiff's deposition, the parties agreed that Pro-Tec could further depose plaintiff later if needed because plaintiff had not yet responded to the discovery request. On July 8, 2013, to no avail, Pro-Tec emailed plaintiff's counsel asking for the documents. On July 12, 2013, Pro-Tec spoke with plaintiff's counsel and plaintiff counsel again stated that he will provide documents the following week. Having not received the documents yet, on July 18, 2013, Pro-Tec emailed plaintiff's counsel; plaintiff's counsel does not respond. On July 22, 2013, Pro-Tec called plaintiff's counsel and plaintiff's counsel states he would send documents the next day, but, again, failed to provide the documents.

2

that plaintiff's discovery responses remain deficient,[3] any of plaintiff's objections to the Requests for Production are waived,[4] and as such, the Court should compel plaintiff to provide complete responses to Requests for Production Nos. 3, 4, 5, 6, 18, 19, 20, and 21.

    A.    Request for Production Nos. 3, 4, 5, and 6

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents you contend support your claims against Pro-Tec that you allege in your Petition herein.

**RESPONSE:** Objection. This Request is overly broad, unduly burdensome and fails to reasonably specify what documents are requested.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents you contend support your claims against IAFF that you allege in your Petition herein.

**RESPONSE:** Objection. This Request is overly broad, unduly burdensome and fails to reasonably specify what documents are requested.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents which relate in any way to your claims against Pro-Tec that you allege in your Petition herein.

**RESPONSE:** Objection. This Request is overly broad, unduly burdensome and fails to reasonably specify what documents are requested.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents which relate in any way to your claims against the IAFF that you allege in your petition herein.

**RESPONSE:** Objection. This Request is overly broad, unduly burdensome and fails to reasonably specify what documents are requested.

---

[3] On August 19, 2013, Pro-Tec emailed plaintiff's counsel in attempt to resolve this dispute. Plaintiff's counsel stated that he had not withheld any document based on his objection and that he would provide additional documents on August 20, 2013. Plaintiff failed to provide any additional documents.

[4] The Court finds that Pro-Tec's waiver argument is moot because plaintiff has stated that it did not withhold any documents pursuant to the objections plaintiff raised in his response.

Pro Tec asserts that plaintiff does not state whether he has produced any documents in response to these requests. In a subsequent email exchange with Pro-Tec, plaintiff states that he has not withheld any documents pursuant to his objections.

Having carefully reviewed the parties' submissions, the Court finds plaintiff's vague responses are not sufficient and orders plaintiff to either provide documents in response to Request for Production Nos. 3, 4, 5, and 6, or declare affirmatively that plaintiff has produced such documents, if any.

B. Request for Production Nos. 18 and 19

**REQUEST FOR PRODUCTION NO. 18:** Please Produce each and every document which you allege shows that Pro-Tec breached the collective bargaining agreement with the IAFF in discharging you from employment. Please produce all documents you contend support your claims against Pro-Tec that you allege in your Petition herein.

**RESPONSE:** Plaintiff will rely on internal personnel documents provided by Pro-Tec and IAFF to support his claim that Pro-Tec breached the collective bargaining document.

**REQUEST FOR PRODUCTION NO. 19:** Please produce each and every document which you allege shows that the IAFF breached its duty of fair representation to you in regard to the grievance over your discharge from employment with Pro-Tec.

**RESPONSE:** Plaintiff will rely on internal documents provided by Pro-Tec and IAFF to support his claim that IAFF breached its duty of fair representation to him.

Pro-Tec asserts that plaintiff should be required to amend his responses to state affirmatively whether he has any of the documents requested and to produce such documents, if any.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be compelled to amend his responses to Requests for Production Nos. 18 and 19 and state affirmatively which specific said internal documents he will rely on to support his claim that Pro-Tec breached

4

the collective bargaining agreement and that IAFF breached its duty of fair representation to him. To the extent plaintiff possesses documents responsive to these requests that were not provided to him by Pro-Tec and IAFF, plaintiff should be compelled to produce such documents.

    C.    <u>Request for Production No. 20</u>

**REQUEST FOR PRODUCTION NO. 20:** Please produce any documents concerning or relating to your efforts to mitigate your alleged damages, including, but not limited to, all communications with any/or applications submitted to prospective employers, placement agencies, consultants, or the like.

Plaintiff left his response to Request for Production No. 20 blank. Having carefully reviewed the parties' submissions and because plaintiff failed to respond to Request for Production No. 20, the Court finds that plaintiff should be compelled to respond to Request for Production No. 20 and state affirmatively whether plaintiff has such documents, and to produce such documents, if any.

    D.    <u>Request for Production No. 21</u>

**REQUEST FOR PRODUCTION NO. 21:** Please produce your federal and state income tax returns, including all accompanying forms and attachments, for the tax years 2009-present.

**RESPONSE:** Objection. This request is overly broad and seeks discovery of information that is private and confidential, subject to and without waving these objections, plaintiff has produced his Form W-2s for 2008-2011.

Pro-Tec contends that plaintiff's income is relevant because plaintiff's only measure of damages in this case is his alleged loss of pay. Pro-Tec also asserts that plaintiff's response is deficient because plaintiff failed to provide full income information for 2011 or any income for 2012 or 2013.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be compelled to amend his responses to Request for Production No. 21 and provide plaintiff's income

5

information from 2009 to present. Specifically, the Court finds that, in a subsequent email exchange, plaintiff has agreed to provide his 2012 tax return and any pay stubs for 2013 to Pro-Tec on August 20, 2013, which he failed to do so. Thus, the Court finds that plaintiff should be compelled to provide the remaining income documents as stated above.

E. Attorneys' Fees

Pro-Tec also requests attorneys' fees and costs incurred in the preparation of its Motion to Compel. Pursuant to the Federal Rules of Civil Procedure, when a motion to compel is granted, courts must award reasonable attorneys' fees and costs incurred in filing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). However, such an award should not be granted if circumstances make an award of expenses unjust. *Id.* at (A)(5)(A)(ii)-(iii).

Having carefully reviewed the parties' submissions, the Court finds that awarding reasonable attorneys' fees and costs under the circumstances that led Pro-Tec to file its motion to compel does not make the award unjust. As set forth above, plaintiff has failed to respond to the discovery requests by numerous agreed upon deadlines between the parties and self-imposed dead lines. Additionally, on August 13, 2013, after Pro-Tec filed this motion to compel, plaintiff served a response to the discovery requests, which was deficient. Further, on August 19, 2013, Pro-Tec emailed plaintiff's counsel to retrieve additional documents responsive to its discovery requests; plaintiff's counsel again replied that he will provide the documents the next day (August 20, 2013) and yet again, failed to produce the additional documents. Plaintiff does not explain why he has repeatedly failed to produce the requested documents in a timely manner. Instead, plaintiff asserts that the delay is harmless as the only document not disclosed are tax returns which are unrelated to plaintiff's motion for summary judgment, and that Pro-Tec has failed to respond to plaintiff's

6

discovery requests as well and failed to provide the details of the sought attorneys' fees and costs. Based upon the numerous missed deadlines without any justification, the Court finds that an award of reasonable attorneys' fees and costs is proper and, as such, Pro-Tec is ordered to submit evidence of such fees within ten (10) days of the date of this Order.

III.   Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Compel Discovery Responses [docket no. 25] as follows:

(A)   The Court GRANTS the motion to compel and compels plaintiff to act as follows: Request for Production Nos. 3,4,5, and 6 – either produce documents in response to these requests, if any, or declare affirmatively that plaintiff has produced such documents, if any; Request for Production Nos. 18 and 19 – state affirmatively which specific internal documents he will rely on to support his claim that Pro-Tec breached the collective bargaining agreement and that IAFF breached its duty of fair representation to him. To the extent plaintiff possesses documents responsive to these requests that were not provided to him by Pro-Tec and IAFF, plaintiff should be compelled to produce such documents; Request for Production No. 20 – state affirmatively whether plaintiff has such documents, and to produce such documents, if any; and Request for Production No. 21– provide full income information for 2011 or any income documents for 2012 or 2013.

(B)   The Court GRANTS the motion to compel as to Pro-Tec's request for reasonable attorney fees and costs and ORDERS Pro-Tec to submit evidence of such within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 11th day of September, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE